SCHOTT, Judge.
This is an appeal by Guy J. Busalacchi from a judgment of the district court dismissing his appeal for judicial review of a decision of the Board of Zoning Adjustments for St. Bernard Parish. In its decision, the Board granted a variance to Russell Tusa for the height limitations pertaining to a garage Tusa was building. The issue is whether the Board exceeded its powers under the law of the state and the zoning ordinance of the parish.
Tusa and Busalacchi reside in Carolyn Court Subdivision in St. Bernard Parish. Their rear yards adjoin. Tusa constructed a garage in his rear yard five feet from the fence between his yard and Busalacchi’s. Under the parish zoning ordinance the height of the garage could not exceed thirteen feet. When Busalacchi realized the garage would be two stories in height he complained to the Department of Safety and Permits. Upon investigating, the Department notified Tusa either to alter his plans or to apply to the Board of Zoning Adjustments for a variance. He did the latter. Following a hearing, the Board approved Tusa’s application “to erect a garage that exceeds the 13 foot height requirements” for the following reasons:
“The Board feels that there will be no adverse effect on the surrounding neighborhood. The Board further states that in the future no additional construction be allowed in the reduced rear yard. Further that there will be no window on either of the abutting property owners on the second story.”
Section X(4)(e) of the Comprehensive Zoning Ordinance of the parish provides that the Board shall have the following pertinent powers and duty:
To vary or adopt the strict application of the yard requirements or height restrictions, or parking and sign regulations in the case of exceptionally irregular, narrow, shallow, or steep lots, or other exceptional physical conditions, whereby strict application would deprive the owner of the reasonable use of the land in accordance with the use regulations of this Ordinance; ... No variance shall be granted by the Board of Adjustments unless it finds:
1. That there are special circumstances or conditions, fully described in the findings, applying to the land or building for which the variance is sought, which circumstances or conditions are peculiar to such land or buildings and do not apply generally to land or buildings in the neighborhood, and that said circumstances or conditions are such that the strict application of the provisions of this Ordinance would deprive the applicant of the reasonable use of such land or building.
2. That, for reasons fully set forth in the findings, the granting of the variance is necessary for the reasonable use of the land or building and that the variance as granted by the Board is the minimum *169 variance that will accomplish this purpose.
3. That the granting of the variance will be in harmony with the general purpose and intent of this Ordinance and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.
LSA-R.S. 33:140.57(C)(3) provides that the Board shall have the following pertinent powers:
... (c) In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, to vary or modify the application of any of the regulations or provisions of the ordinance ... so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.
The record consists of the testimony before the Board and before the District Court. A review thereof compels us to conclude that the Board had no authority to grant the variance under the circumstances of the case.
This is not a case of an unusually or irregularly shaped lot so as to make applicable the first part of Section X(4)(C) of the ordinance. There is no evidence of special circumstances applying to Tusa’s property but not applying to the neighborhood and no evidence to show that denial of the application would deprive Tusa of the reasonable use of his property as contemplated by Section X(4)(C)(1) and (2).
Tusa’s garage consists of a two story building with about 600 square feet on each floor. The floor of the second level is about nine feet above ground level, the ceiling on the second level is about seventeen feet from ground level and the peak of the roof is 23.5 feet in height. The building is five feet from Busalacchi’s yard, and from a balcony along the second floor of Tusa’s garage one has a bird’s eye view of almost all of Busalacchis’s rear yard. Tusa testified that he built the second floor for storage and to accommodate his minature electric train collection. He stated that having his trains in his house was incompatible with his life style. When this use is considered in the light of the inconvenience the building causes Busalacchi it cannot be said that the two story building was “necessary for the reasonable use of Tusa’s property so as to support the granting of the variance.”
Nor do we find that Section X(4)(C)(3) justifies the granting of the variance. If variances were to be granted to provide property owners with more storage or play space, the zoning restrictions would become meaningless. Virtually everyone wants more of such space on his property. Therefore, the granting of the variance was not in harmony with the general purpose and intent of the ordinance. Tusa introduced into evidence a petition supporting his project signed by twenty-three of the residents in the neighborhood and argues that this popular support proves that the granting of the variance is not injurious to the neighborhood or otherwise detrimental to the public welfare. None of these neighbors suffers any immediate adverse effects from the project as does Busalacchi who is deprived of privacy in his own back yard and whose back yard’s aesthetic qualities are compromised. We do not construe the final phrase of this section to entitle the Board to grant a variance which adversely affects a neighbor because popular opinion does not seem to oppose the grant. The Zoning Ordinance is the expression of the will of the people. The variance is not a mechanism for amending the ordinance whenever there seems to be popular support for the variance.
Finally, we have concluded that the Board erred in granting the variance because of the provisions of LSA-R.S. 33:140.57(C)(3) which conditions such a grant on the showing of “practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance.” Tusa’s desire for more storage and play space on his property does not meet this condition.
Accordingly, the judgment of the district court dismissing the petition of Guy J. Bu-salacchi is reversed and set aside. There is judgment in his favor and against the St. *170 Bernard Board of Zoning Adjustments reversing the November 20,1984 approval of the petition of Russell Tusa under the Board’s Docket No. 23-84 and vacating and setting aside said approval. In accordance with LSA-R.S. 33:140.57(D) each party bears its or his own costs.
REVERSED AND RENDERED.